# Miller's Appeal.

The omission of a debtor to give notice *before the sale of his real estate,* of his claim to property to the value of three hundred dollars, under the act of 9th April 1849, exempting property to that amount from levy and sale on execution and distress for rent, will be a bar to his claim to that amount of money out of the proceeds of the sale. The claim, as it respects *real estate,* should perhaps be made *before inquisition.*

APPEAL by Thomas C. Miller, Jr., from the decree of the Court of Common Pleas of *Cumberland county,* appropriating the money arising from the sale of the real estate of George Lee, sold by the sheriff of said county.

Appellant obtained a judgment against George Lee, 22d June

[Miller's Appeal.]

1850, on a breach of contract for sale of land, entered into November 15, 1849, for $207. On this a fi. fa. was issued to August term 1850, on which defendant's real estate, consisting of an improved farm of about 65 acres, was levied, an inquisition held and the property condemned, and a *venditioni exponas* issued to November term 1850, on which said real estate was sold by the sheriff. *After* the sale, defendant served a notice on the sheriff claiming $300 out of the money arising from the sale, under the provisions of the act of 9th April 1849. When the fi. fa. on which the land was levied was issued, or at any subsequent period until after his property had been struck off by the sheriff, Lee did not give notice of his claim, or require the sheriff to have an appraisement made, &c.

The money was brought into court for appropriation. Depositions were taken, which were read on the hearing of the case, and it was proved that prior to the 4th July 1849, defendant's personal estate was sold by the sheriff, and that he then claimed and received at an appraised value the articles of personal property exempt from execution under the acts of Assembly of June 16, 1836, and April 22, 1846. Further, that the attorney of Mr. Miller was present at the sale of defendant's real estate, and bid the same up to a sum sufficient to cover his judgment, and would have bid $300 more for the property, had notice been given that defendant would claim that sum out of the sale. The property sold for $2700—a sum that would have covered Mr. Miller's judgment, and was bought by Holliday Lee, the brother of defendant.

The court, WATTS, President, decreed $300 to be paid to George Lee, the defendant; and no part of Miller's judgment was paid out of the sale.

Error was assigned to the decree directing $300 to be paid to George Lee, the defendant.

The *first* section of the act of 9th April 1849, to exempt property to the value of $300 from levy and sale on execution and distress for rent, provides, that in lieu of the property now exempt from levy and sale on execution issued upon any judgment obtained upon contract and distress for rent, property to the value of three hundred dollars, exclusive of all wearing apparel of the defendant and his family, and all Bibles and school-books in use of the family, (which shall remain exempted as heretofore,) and no more, owned by, or in the posssesion of any debtor, shall be exempt from levy and sale on execution or by distress for rent.

Sec. 2. "That the sheriff, constable, or other officer charged with the execution of any warrant issued by competent authority, for the levying upon and selling the property, either real or personal, of any debtor, shall, if requested by the debtor, summon three disinterested persons, who shall be sworn or affirmed, to appraise the

2 A

property which the said debtor may elect to retain under the provisions of this act, for which service the said appraisers shall be entitled to receive fifty cents each, to be charged as part of the costs of the proceedings; and property *thus chosen and appraised* to the value of three hundred dollars, shall be exempt from levy and sale on the said execution or warrant, *except warrants for the collection of taxes.*"

Sec. 3. "That in any case where the property levied upon as aforesaid shall consist of real estate of greater value than three hundred dollars, and the defendant in such shall elect to retain real estate amounting in value to the whole sum of three hundred dollars, or any less sum, the appraisers aforesaid shall determine whether, in their opinion, the said real estate can be divided without injury to or spoiling the whole; and if the said appraisers shall determine that the said real estate can be divided as aforesaid, then they shall proceed to set apart so much thereof as in their opinion shall be sufficient to answer the requirement of the defendant in such case, designating the same by proper metes and bounds, all of which proceedings shall be certified in writing by the said appraisers, or a majority of them, under their proper hands and seals, to the sheriff, under-sheriff, or coroner, charged with the execution of the writ in such case, who shall make return of the same to the proper court, from which the writ issued, in connection with said writ."

Sec. 4. "That upon return made of the writ aforesaid, with the proceedings thereon, the plaintiff in the case shall be entitled to have his writ of *venditioni exponas* as in other cases, to sell the residue of the real estate included in the levy aforesaid, if the appraisers aforesaid shall have determined upon a division of said real estate; but if the said appraisers shall determine against a division of said real estate, the plaintiff may have a writ of *venditioni exponas* to sell the whole of the real estate included in such levy; and it shall and may be lawful *in the latter case* for the defendant in the execution to receive from the sheriff or other officer, of the proceeds of said sale, so much as he would have received at the appraised value had the said real estate been divided."

Sec. 6. "That the provisions of this act shall not take effect until the 4th day of July next, and shall apply only to debts contracted on and after that date.

The case was argued by *Miller* and *Graham*, for Miller, the appellant.—Under the first section, the debtor must *request* the sheriff to summon appraisers, and it is only the property *thus chosen and appraised* which shall be exempt from levy and sale.

But where a division of the property may be injurious, or where a division is impracticable, and the appraisers determine against a division, the plaintiff may have a writ of *venditioni exponas* to sell the whole; and in the latter case, the defendant is to receive out

[Miller's Appeal.]

of the proceeds as much as he would have received had the real estate been divided.   That the debtor cannot permit all his *personal* property to be sold, and then demand three hundred dollars in money.

2d.  That he cannot silently permit all his real estate to be sold, without asking for a division, and then claim money instead of the property.   That no provision exists in the act for the payment of *money* in lieu of the *personal* estate, and the only contingency that authorizes the receipt of money in place of *property*, is where there has been an appraisement, and it has been found and so returned to court that the real estate cannot be divided without injury, &c. The language of the act is, "in the *latter case*," that is, where there cannot be a division, the defendant shall receive "so much as he would have received at the appraised value, had the said real estate been divided."

The defendant, by failing to give notice, and to ask for an appraisement and division, has deprived the *plaintiff* of his debt.

*Biddle,* for appellee.

The opinion of the court was delivered June 12, by

CHAMBERS, J.—The single question presented in this case is whether a debtor, whose farm of about 65 acres was sold at sheriff's sale, has a right to claim out of the proceeds of sale $300 under the provisions of the act of 9th April 1849, on a notice to the sheriff of his claim *after* such sale.

The act referred to is a humane law, and as such is entitled to a liberal construction.   But while benevolence is to be indulged, we are not to disregard the rights of creditors, or overlook the provisions of the law in favor of the unfortunate debtor to be complied with on his part to entitle him to this bounty.

The sheriff is to proceed with the executions directed to him, by levying upon and selling the property, personal or real, of the debtor; and shall, if requested by the debtor, summon three disinterested persons, who shall be sworn or affirmed, to appraise the property, which the debtor may *elect* to retain under the provisions of this act.   The property thus chosen and appraised, to the value of $300, is to be exempt from levy and sale on execution or warrant, *except for taxes.*

By the 3d section it is provided, that if the property levied on consists of real estate of greater value than $300, and the defendant elects to retain real estate amounting in value to the whole sum of $300, or *any less sum*, the appraisers are to determine whether the real estate can be divided without injury to the whole; and if it can be so divided, they are to set apart so much as will answer the requirement of the defendant, designating the same by

[Miller's Appeal.]

metes and bounds; of all which a return is to be made to the court in connection with the writ.

And by the 4th section it is declared, that if a part of the real estate has been set off, the *vend. exp.* issued is to sell the residue ; but if no division is made as provided, the whole is to be sold, and, in the latter case, the defendant is to receive of the proceeds of the sale so much as he would have received at the appraised value, had the said real estate been divided. This act contemplates the debtor getting property at an appraisment as his exemption where practicable; and the right to demand the money out of proceeds of sale, is only in the last resort, when property did not admit of separation.

The debtor, George Lee, made no request to the sheriff, who represented the creditors, to summon appraisers, or gave any notice what property he elected to retain, but is silent, and permits the sheriff to proceed with the sale, at which the brother of the debtor becomes the purchaser. The sum bid for the property by the junior judgment creditor was sufficient to cover the record liens, if the $300 are not withdrawn for the debtor. The omission to give notice would have the tendency of misleading creditors; and in behalf of the junior judgment creditor it is testified that if the claim of the debtor to the exemption had been made even before the sale, he would have bid the property to an amount that would have covered it and the prior judgments. The silence of the debtor during the whole course of the proceedings in execution can scarcely, under the circumstances, be imputed to ignorance of the law, more especially when it appears that as a debtor he had claimed and retained on a former execution the exemptions allowed of personal property under the acts of 1836 and 1846. Ignorance of the law is not an excuse, and it is not for a debtor to plead that ignorance when the provision of law was one of great notoriety, and which conferred on him so substantial a favor. It is the gratuity of the law, which he ought to be satisfied to take under the provisions and guards which the law granting it has imposed, and which are neither expensive, onerous, or unreasonable. The provisions introduced into this act by legislative discretion are not to be dispensed with by the debtor as useless, and are not to be disregarded by the court in the construction and execution of the law.

There is not in this case an analogy to the claim of the landlord to one year's rent on notice to the sheriff before the money is paid over, as decided in Ege *v.* Ege, 5 *Watts* 139. In that case, the claim is for an existing debt which by law is preferred, and by the act of Assembly the sheriff was directed to pay over *after the sale* one year's rent to the landlord.

Under the act of 1849 we do not decide when the request must be made by the debtor to the sheriff to summon appraisers, but we

think it ought to be made at least before the inquisition, and the omission to make it or give notice of the claim before the sale of the realty, is such a failure to comply with the provisions of the law as in the opinion of the court bars the claim of the debtor.

The decree of the court below ordering that the money be paid to George Lee is reversed.